Richard Gaytan (Pro se)
733 Banff Drive
Newman, CA 95360
(209) 862-3755   **E-filing**
Attorney for Plaintiff

FILED
2007 DEC 17 PM 11: 37
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C07-06367  VRW

| | |
|---|---|
| Richard Gaytan, | ) Case No.: |
|  | ) COMPLAINT FOR |
| Plaintiff, | ) AGGRAVATE PLANTIFF POST |
|  | ) TRAUMATIC STRESS DISORDER & |
| vs. | ) INJUCTIVE RELIEF UNDER THE |
| Elaine Chao, Secretary of Labor, | ) UNITED STATES CONSTITUTION |
| Defendant | ) |
|  | ) |

ADR

**Plaintiff alleges:**

## PRELIMINARY ALLEGATIONS

**Jurisdiction.** This court has jurisdiction over this complaint because it arises under the laws of the United States.

**Venue.** Venue is appropriate in this court because Defendant resides in this district and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

1 Case No. : _____ Gaytan v. Elaine Chao

**Intra-district Assignment.** This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Alameda County. Plaintiff is an individual, Hispanic male, 56-year old, decorated disabled American veteran with a 100% (as of September 27, 2004, Plaintiff last day of work) rating pursuant to the Department of Veterans Affairs, and at all times herein mentioned was a resident of Newman, California. Plaintiff is informed and believe and on that basis allege that the U. S. Department of Labor (hereinafter DOL), Office of Federal Contract Compliance Programs (OFCCP) is a government entity doing business in California with its principal place of business located within the City of Oakland, California, Alameda County, State of California.

2

Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

2 Case No. : _____ Gaytan v. Elaine Chao

a certificate from the United States Army as a Equal Opportunity Representative. Plaintiff had work for 15 years at NADEP Alameda before base closures where authorized by congress. Plaintiff retired with 25 years of service with the federal government and as a civil service worker. Plaintiff received his Paralegal Certificate on March 27, 1998 from Humphreys College, Stockton, California.

<u>3</u>

Plaintiff's supervisors Georgia Martin, Alice Young, Sarah Nelson, Bill Smitherman and Woody Gilliland had years of experience and knowledge in enforcing the laws and regulations and those of Title VII of the Civil Rights Act of 1964 and 1991, as amended and 501 Rehabilitation Act of 1973. Plaintiff – a bright-eyed, proactive, educated, highly decorated disabled Hispanic male Vietnam veteran with a Paralegal Certificate – Equal Opportunity Representative Certificate and a ex-union steward – sought to expand upon his horizon by providing Defendant with hard work, dedication, enthusiasm, and zeal in working to eradicate discrimination in the workplace of contractors that had contracts with the Federal government. Plaintiff's primary responsibility was to identify systemic discrimination and investigate complaints of discrimination. Plaintiff felt proud to describe to others his dedication to assisting employees that worked with contractors that had contracts with the Federal government. Plaintiff never received a negative or adverse performance evaluation on his evaluation record (DL-1-38-1F, Rev. Sept.2002); from 2002 to 2004, met the required performance standards ( *"EFFECTIVE"* , *Performance at least* **meets** *the describe level for* **all critical elements** *Meets the standard for 50% or more of non-critical elements with none below* **"needs to improve"**.*)*

4 Case No.: _____    Gaytan v. Elaine Chao

The following actions from the Plaintiffs supervisors where aware of the elements of PTSD conspired to aggravate Plaintiffs "PTSD" by using "**Unwarranted Methods**" to anger plaintiff and terminate plaintiff.

In JOHN W. SELLERS, JR., v. ANTHONY J. PRINCIPI, Secretary of Veterans Affairs, and ARTHUR A. HAYDAY, JR., v. ANTHONY J. PRINCIPI, Secretary of Veterans Affairs, define the elements in awarding PTSD claims.

\*\*\*

Anxiety Disorders

\*\*\*

9411 Post-traumatic stress disorder
\*\*\*
Chronic Adjustment Disorder
9440 Chronic Adjustment Disorder
General Rating Formula for Mental Disorders:
Total occupational and social impairment, due to such
symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. 100% Occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships. 70% Occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. 50%

5  Case No. : _____  Gaytan v. Elaine Chao

## FIRST CAUSE OF ACTION

## " UNDO JUSTICE AGGAVATED PTSD"

1) The Defendant's graded the Plaintiff performance with a rating of "Effective" for the period of December 2, 2001 to September 30, 2002 and for the period of October 1, 2002 to September 30, 2003 . Defendant's graded all **"Elements Boxes"** with the mark of **"X"**, in the "Meets describe level of performance (no narrative required)". Plaintiff added attachment sheet showing his accomplishment for the rated period. By not commenting in the narrative box on each of the Critical Elements the Defendant's woefully committed **"Undo Justice"** by letting the Plaintiff believe that his performance was in scope of his job description of his last two rating periods of Dec. 2, 2001 to Sept. 30, 2002 and Oct. 1, 2002 to Sept. 30, 2003. Plaintiff has proven a prima facie case of Rehabilitation Act for PTSD, Plaintiff must show that: a) he has a known disability; and b) he was denied or excluded from a benefit or subjected to discrimination under any program or activity receiving Federal financial assistance solely by reason of his handicap. Plaintiff: a) has a mental impairment (Post Traumatic Stress Disorder) from the Vietnam War, which b) substantially limits one or more of his major life activities (emotional numbness, severe depression, extreme anxiety, lack of trust in others, headaches, irritability, and outbursts of anger), c) has a record of such impairment issued from the Department of Veterans Affairs at 70%, d) accepted Equal Opportunity Specialist position under Defendant's veteran's preference guidelines being regarded as having such an impairment; and e) was denied or excluded from a benefit or subjected to discrimination under any program or activity receiving Federal financial assistance solely by reason of his handicap. ALL of these elements have been met. Whether an

6 Case No. : _____ Gaytan v. Elaine Chao

employee was excused from exhausting grievance and arbitration procedures as set forth in Collective Bargaining

## SECOND CAUSE OF ACTION

## "UNWARRENTED MEMORANDUM by GEORGIA MARTIN"

2) Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering. When Georgia Martin issued A memorandum on or about January 13, 2003 stating that Plaintiff had the inability to use basic skills of verbal communications writing, and interviewing were at play in his slow completion of casework. (Walker v. Kaiser, pretext for Plaintiff taking medical leave for PTSD from May 5, 2003 to June 3, 2003.) The Defendant's whom are well aware of the elements of PTSD among Disabled Veterans had the knowledge of aggravating the Plaintiff "PTSD" by issuing **"UNWARRENTED MEMORANDUMS"** the day after his final performance review that contain key words like, communication, inability to perform, poor work habits, performance deficiencies, inability to follow guidance. This type of method was also used on Plaintiff's co-worker E.K. Wade, also another Vietnam Veteran with "PTSD". By using these **Unwarranted Method** aggravated Plaintiff PTSD cause Plaintiff to take advance sick leave on May 8, 2003. Which he provided medical proof of his PTSD to Woody Gilliland, , Regional Director, OFCCP from his VA Doctors Rukhsana Khan and Connie Teresi. On June 4, 2003 Woody Gilliland approved Plaintiff advance sick leave for his PTSD.

7 Case No. : _____ Gaytan v. Elaine Chao

## THIRD CAUSE OF ACTION

### "UNWARRENTED MEMORANDUM and METHODS by SARAH NELSON"

3) Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great. After the Plaintiff received his 2003 to 2004 mid year review from Acting District Director Alice Young, which he was meeting his critical elements, Ms. Young was replace by acting District Director Sarah Nelson on June 2, 2004. After reviewing Plaintiffs past work preformance Sarah Nelson started to issue Unwarranted Memorandums and also accused Plaintiff of having another co-worker which is a Assistance District Director do his work for him. Plaintiff filed a union grivance in which Sarah Nelson accused Plaintiff of having someone do his work for him which caused him to become angry and aggravated his PTSD in front of Union Steward Francisca Morales, in which Sarah Nelson started yelling and pointing her finger at Plaintiff saying he was out of control. Union Steward Francisca Morales told Sarah Nelson to stop it because she is aggravating Plaintiff PTSD and she had to take Plaintiff outside to calm him. On Aug. 26, 2004 Plaintiff again was meeting with Union Steward Cindy Adams the Shop Steward and Sarah Nelson over of the issues of Unwarranted Memorandums and accusing Plaintiff of having someone do Plaintiff work for him. While Plaintiff had his turn away from Sarah Nelson and explaining to Union Steward Adams on what occurred on the pervious meeting Sarah Nelson and how she accused him of having someone else do his work for him, Sarah Nelson lunged out of her chair towards the Plaintiff and pointed her finger at him and saying he is out of control. The Plaintiff was shocked and angry on what just occurred in which he filed assaulted charges against Sarah Nelson which was dismiss by District Court because

8 Case No. : _____ Gaytan v. Elaine Chao

they said that Sarah Nelson was preforming her duties in her capacity as District Director. Plaintiff again request advance sick leave for PTSD, in which at this time Sarah Nelson denied based on opinion of Dr. Neal Presant.

## FOURTH CAUSE OF ACTION
### (WRONGFUL TERMINATION BASED ON PTSD BY WOODY GILLILAND)

4) Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great. When Woody Gilliland failed to state in his affidavit ( CRC Case. No. 04-09-142), that he granted advance sick leave to Plaintiff the previous year. Woody Gilliland filed to state that he based his approval on Plaintiff's VA doctors medical documentation for PTSD. On September 27, 2004 Woody Gilliland based his termination on the opinion of Dr. Neal Presant a civilian doctor and denied Plaintiff of having PTSD based on Dr. Presant opinion who is civilian consultant.

In *Ricky Jacko v. SSA*, *EVALUATION OF THE EVIDENCE,* the administrative law judge stated in his findings:
*"Having considered all of the evidence in the file and the benefit of observing the claimant at the hearing, I concur with the staff of the VA and find the claimant has PTSD and meets listing 12.06. I give more weight to the opinions of VA professionals than the opinions of "civilian" doctors. The VA opinions are supported by the evidence( the claimants statements/testimony and Exhibtsb5E, page3; B14F, pages 14, 18 and 27; B19F, pages 3 and 6; and B16F, page 4) and the professionals there have expertise in diagnosing and treating military veterans with PTSD." "Additionally he has the following metal limitations set forth in "Part B" of the metal listing: marked restriction of activities of daily living;..."*

And also believed what Sarah Nelson has said about his preformance and having someone do his work for him. Knowing that Plaintiff would become angry once he received his Letter of Termination on Sept. 27, 2007, Woody Gilliland request that Plaintiff to be escorted out of his office at 1301 Clay Street, by two armed guards and also had a BOLO (Be On The Look Out}

Case No. : _____    Gaytan v. Elaine Chao

poster posted in the Guards office where everybody can see.

4

### A.    Basic Summary of Action

5. This action for declaratory and injunctive relief challenging the constitutionality of provisions in the Veterans Judicial Review Act of 1988 (VJRA), in conjection with related, pre-existing statutes and a pattern of illegal policies and practices of the Department of Labor (DOL)(Agency Nos. 03-09-129; 04-09-038; 04-09-050; 05-09-142), Equal Employment Opportunity Comission (EEOC) (Appeal No. 0120072442), The putative action comprised dening accomondation for service-connected disability based upon Post-Traumatic Stress Disorder (PTSD), and all veterans with PTSD who are employed within the DOL and other federal agency's.

6. Plaintiff challenge the constitutionality of the provision of the VJRA, both separately and in combation.

A. Restrictions on veterans' procedural rights, including but not limited to the fact that DOL acts as both the trier of fact and adversary at the critical regional office stage where claims are first decided;

B. The complete absence of neutral judges or trial-like procedures at the critical regional office level,

C. The veterans inability to obtain justice to support PTSD claims.

D. The veterans' inability to compel the attendance of any CFCCP employees or most other witnesses to testify at hearings and support Plaintiff claims.

F. The absent of a complaint action procedure;

Case No. : _____    Gaytan v. Elaine Chao

G. the absences of any judicial authority or mechanism to enforce judicial decisions or require the agency of original jurisdiction (the regional offices) to obey or comply with the rule of law; and

5

7. Therefore Plaintiff seeks injective relief to restrain Defendants from continuing certain widespread practices and policies of OFCCP that are not and cannot be discovered or raised through the existing system of reviewing Plaintiff PTSD claim. Among these illegal policies and practices are:

A. Very protracted delays in both the adjudication of PTSD claims and the provision of medical care to PTSD claimts and recipients, resulting in irreparable and devastating injury to wounded veterans and thereby violating the requirements of due process;

**FIRST CLAIM FOR RELIFE**
**(Declaratory Relief: Denial of Due Process)**

8. Plaintiff reallege and incorporate herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 20 of this complaint.

9. A present controversy exists between Plaintiff and Defendants in that Plaintiff contend and Defendants deny that the VJRA, including the Statutory Defects described above, Unconstitutionally infringe upon their property and liberty rights rotected by Due Process Clause of the Fifth Amendment to the United States Constitution, which provides that, "No person shall….be deprived of life, liberty, or property, without due process of law."

10. The above -describe provisions of the VJRA, the Challenged OFCCP Practices, and Failure to provide accomondation, are unconstitutional because they deprive disabled veterans of

10  Case No. : _____  Gaytan v. Elaine Chao

their property and liberty without affording the due process required by the Fifth Amendment to the United States Constitution.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief: Denial of Access and Right to Petition)

11. Plaintiff reallege and incorporate herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 20 of this complaint.

12. The Statutory Defects both separately and in combination have completely, unreasonably, and unjustifiably foreclosed the ability of Plaintiff to pursued his underlying claims And present their grievances, and other claims arising out of the Challenged OFCCP Practices against the reasonable offices.

13. As a result, Plaintiff have been deprived of meaningful access to the courts and their right to petition for a redress of grievances in violation of the First and Fifth Amendment to to the United States Constitution.

## THIRD CLAIM FOR RELIEF
### (Declaratory Relief-Violation of Section 504 of the Rehabilitation Act)

14. Plaintiff reallege and incorporate herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 20 of this complaint.

15. The Rehabilitation Act prohibits discrimination on the basis of disability in programs conducted by Federal agencies, in programs receiving Federal financial assistance, in Federal employment, and in the employment practices of Federal contractors. The standards for determining employment discrimination under the Rehabilitation Act are the same as those used in Title I of the Americans with Disabilities Act. Section 501 requires affirmative action and nondiscrimination in employment by Federal agencies of the executive branch. To obtain more

1‡ Case No. : _____ Gaytan v. Elaine Chao

information or to file a complaint, employees should contact their agency's Equal Employment Opportunity Office." *501 Rehabilitation Act of 1973*

"'...no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under any program or activity that either receives Federal financial assistance or is conducted by any Executive agency or the United States Postal Service." *504 Rehabilitation Act*

To prove a prima facie case of Rehabilitation Act discrimination, Plaintiff must show that: a) he has a known disability; and b) he was denied or excluded from a benefit or subjected to discrimination under any program or activity receiving Federal financial assistance solely by reason of his handicap.

Plaintiff: a) has a mental impairment (Post Traumatic Stress Disorder) from the Vietnam War, which b) substantially limits one or more of his major life activities (emotional numbness, severe depression, extreme anxiety, lack of trust in others, headaches, irritability, and outbursts of anger), c) has a record of such impairment issued from the Department of Veterans Affairs at 70%, d) accepted Equal Opportunity Specialist position under Defendant's veteran's preference guidelines being regarded as having such an impairment; and e) was denied or excluded from a benefit or subjected to discrimination under any program or activity receiving Federal financial assistance solely by reason of his handicap. ALL of these elements have been met.

"[A] tortious constructive discharge is shown to exist upon proof that: (1) the employee's resignation was induced by action and conditions that are violative of public policy; (2) a

12  Case No.: _____ Gaytan v. Elaine Chao

reasonable person in the employee's position at the time of resignation would have also resigned because of the aggravated and intolerable employment actions and conditions; (3) the employer had actual or constructive knowledge of the intolerable actions and conditions and their impact on the employee; and (4) the situation could have been remedied." ***Martin v. Sears and Roebuck*, 899 P.2d 551, 553 (1995)**

"The Rehabilitation Act prohibits discrimination on the basis of **disability** in programs conducted by Federal agencies, in programs receiving Federal financial assistance, in Federal employment, and in the employment practices of Federal contractors. The standards for determining employment discrimination under the Rehabilitation Act are the same as those used in Title I of the Americans with Disabilities Act. Section 501 requires affirmative action and nondiscrimination in employment by Federal agencies of the executive branch. Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

## FOURTH CLAIM FOR RELIEF

### (Injunctive Relief)

16. Plaintiff reallege and incorporate herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 20 of this complaint.

17. Unless Defendants are restrained, all other disabled veterans will suffer irreparable Injury included in the following;

13 Case No.: _____ Gaytan v. Elaine Chao

   a. pain and anguish associated with their PTSD and/or its effects upon their health and Safety, including the possibility of wrongful termination.

   B. unknowing having their claims for PTSD tainted by the Challenged OFCCP Practices;

18. Plaintiff will be required to engage in a circuity of actions if injunctive relief is not granted forbidding OFCCP from continuing to commit the Challenged OFCCP Practices and committing the other wrongful acts alleged above.

19. Plaintiff lack an adequate remedy at law to remedy the unlawful acts describe herein.

20. Reinstate Plaintiff to his full position as Equal Opportunity Compliance Officer at the grade of GS-11 with full back pay and all other entitled benefits in which he is entitled too or **Pay** settlement of 5 Million Dollars for each cause of action for Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiff** prays for against Defendants as follows:

1. On the First Claim for Declaratory Relief, for declaratory relief as prayed for above.

2. On the Second Claim for Declaratory Relief, for declaratory relief as prayed for above.

3. On the Third Claim for Declaratory Relief, for declaratory relief as prayed for above.

4. On the Fourth Claim for Injunctive Relief, for preliminary and permanent injuction relief as prayed for above.

15. Case No. : _____    Gaytan v. Elaine Chao

5. For such relief as the Court deems just and proper; **or a Request for Jury Trial** because Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

Dated: December 16, 2007

By: Richard Gaytan (Pro se)

733 Banff Drive

Newman, CA. 95360

(209-862-3755)

15. Case No. : _____  Gaytan v. Elaine Chao

## VERIFICATION

I, <u>Richard Gaytan</u>, am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein alleged on information and belief, and as those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 24th day of August, 2007

By: Richard Gaytan (Pro se)

733 Banff Drive

Newman, CA. 95360

(209-862-3755)

17. Case No.: _____ Gaytan v. Elaine Chao

## CERTIFICATE OF MAILING

Annabelle T. Lockhart, Director
Office of Civil Rights
Department of Labor
200 Constitution Ave., NW #N4123
Washington, DC 20210


U.S. Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036