1  JOSEPH P. RUSSONIELLO (SBN 44332)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  MICHAEL T. PYLE (SBN 172954)
   Assistant United States Attorney
4
       U.S. Attorney's Office/Civil Division
5      450 Golden Gate Avenue, 9th Floor
       San Francisco, California 94102-3495
6      Telephone:    (415) 436-7322
       Facsimile:    (415) 436-6748
7      E-mail: michael.t.pyle@usdoj.gov

8  Attorneys for Defendant Elaine Chao, Secretary of Labor

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                       SAN FRANCISCO DIVISION
12

13  RICHARD GAYTAN,                )    No. C 07-6367 VRW
                                   )
14              Plaintiff,          )
                                   )
15         v.                      )    **DEFENDANT ELAINE CHAO'S
                                   )    NOTICE OF MOTION AND MOTION
16  ELAINE CHAO, Secretary of Labor,)    TO DISMISS**
                                   )
17              Defendant.          )    Date: December 4, 2008
                                   )    Time: 2:30 p.m.
                                        Hon. Vaughn R. Walker

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

TABLE OF AUTHORITIES .................................................................... ii
NOTICE OF MOTION ........................................................................... 1
STATEMENT OF RELIEF REQUESTED ............................................. 1
ISSUES TO BE DETERMINED ............................................................ 1
MEMORANDUM OF POINTS AND AUTHORITIES .......................... 2
I.   INTRODUCTION ........................................................................ 2
II.  BACKGROUND ......................................................................... 3
    A.   Plaintiff's Allegations ........................................................ 3
    B.   The Veterans Judicial Review Act .................................... 4
III. ARGUMENT ................................................................................ 5
    A.   The Legal Standard ............................................................ 5
    B.   Plaintiff's Claims About the VJRA Should Be Dismissed With Prejudice ...... 6
        1.  The Secretary of Labor Is Not a Proper Defendant ................. 6
        2.  Plaintiff Lacks Standing .............................................. 7
        3.  Sovereign Immunity Bars Plaintiff's Claim ........................ 8
    C.   Any Claim Other Than the Rehabilitation Act Should Be Dismissed .......... 9
IV. CONCLUSION ........................................................................... 10

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

Balisteri v. Pacifica Police Department,
    901 F.2d 696 (9th Cir. 1990) ................................................. 5, 10

Bell Atlantic Corp. v. Twombly,
    __ U.S. __, 127 S. Ct. 1955 (2007) ........................................... 5, 10

Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.,
    911 F.2d 242 (9th Cir. 1990) ..................................................... 6

Dep't of the Army v. Blue Fox, Inc.,
    525 U.S. 261 (1999) ............................................................. 8, 9

Elk Grove Sch. District v. Newdow,
    542 U.S. 1 (2004) ................................................................ 7

Federation of African America Contractors v. City of Oakland,
    96 F.3d 1204 (9th Cir. 1996) ..................................................... 6

Floyd v. District of Columbia,
    129 F.3d 152 (D.C. Cir. 1997) .................................................... 8

Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,
    528 U.S. 167 (2000) .............................................................. 7

Gallo Cattle Co. v. Department of Agriculture,
    159 F.3d 1194 (9th Cir. 1998) .................................................... 9

Holloman v. Watt,
    708 F.2d 1399 (9th Cir. 1983) .................................................... 8

Kokkonen v. Guardian Life Insurance Co. of America,
    511 U.S. 375 (1994) .............................................................. 6

Lane v. Pena,
    518 U.S. 187 (1996) .............................................................. 8

Lewis v. Casey,
    518 U.S. 343 (1996) .............................................................. 7

Look v. United States,
    113 F.3d 1129 (9th Cir. 1997) .................................................... 7

Lujan v. National Wildlife Federation,
    497 U.S. 871 (1990) .............................................................. 9

Lynch v. United States,
    292 U.S. 571 (1934) .............................................................. 8

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

ii

McGuiness v. United States Postal Serv.,
    744 F.2d 1318 (7th Cir. 1984) .................................................. 8

NL Industrial, Inc. v. Kaplan,
    792 F.2d 896 (9th Cir. 1986) .................................................. 5

Prescott v. United States,
    973 F.2d 696 (9th Cir. 1992) .................................................. 8

Reddy v. Litton Industrial, Inc.,
    912 F.2d 291 (9th Cir. 1990) .................................................. 6

Safe Air for Everyone v. Meyer,
    373 F.3d 1035 (9th Cir. 2004) ................................................. 6

Smith v. Barton,
    914 F.2d 1330 (9th Cir. 1990) ................................................. 8

Spence v. Straw,
    54 F.3d 196 (3d Cir. 1995) .................................................... 8

Thornhill Publication Co. v. General Telegraph & Electrics Corp.,
    594 F.2d 730 (9th Cir. 1979) .................................................. 6

United States v. Lazarenko,
    476 F.3d 642 (9th Cir. 2007) .................................................. 7

U.S. v. Mitchell,
    463 U.S. 206 (1983) ........................................................... 8

U.S. v. Sherwood,
    312 U.S. 584 (1941) ........................................................... 8

**FEDERAL STATUTES**

5 U.S.C. §§ 701-706 .............................................................. 9

5 U.S.C. § 702 ................................................................... 9

5 U.S.C. §704 .................................................................... 9

29 U.S.C. §701 ................................................................... 2

38 U.S.C. §101(16) ............................................................... 4

38 U.S.C. § 511(a) ............................................................... 5

38 U.S.C. § 1110 ................................................................. 4

38 U.S.C. §§ 1114, 1115 .......................................................... 4

38 U.S.C. §1155 .................................................................. 4

38 U.S.C. §5103A ................................................... 4

38 U.S.C. § 5107(a) .................................................. 4

38 U.S.C. § 7105(a) .................................................. 5

38 U.S.C. § 7252(a) .................................................. 5

38 U.S.C. § 7261(a)(1) ................................................ 5

38 U.S.C. §§ 7292(a)(c) ............................................... 5

42 U.S.C. §1983 .................................................... 8

Veterans Judicial Review Act of 1988, Pub. L. No. 100-687, 102 Stat. 4105 (1988) .......... 2

### FEDERAL REGULATIONS

38 C.F.R. §3.03(b) ................................................... 4

38 C.F.R. § 3.304(f) .................................................. 4

### FEDERAL RULES

Fed. R. Civ. P. 8(a) .................................................. 5

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
iv

**NOTICE OF MOTION**

**TO PLAINTIFF RICHARD GAYTAN APPEARING IN PROPRIA PERSONA:**

PLEASE TAKE NOTICE that on December 4, 2008 at 2:30 p.m. in Courtroom 6, located on the 17th Floor of the United States Federal Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable Vaughn R. Walker, United States District Judge, defendant Elaine Chao, Secretary of Labor, will move this Court for an order dismissing plaintiff's claims with prejudice pursuant to Federal Rule Civil Procedure 12(b)(6) on the ground that Plaintiff fails to state any legally cognizable claim against her other than a claim under the Rehabilitation Act of 1973.

Pursuant to Civil Local Rule 7-3, plaintiff's opposition or statement of nonopposition must be served and filed no later than 21 days before the hearing date. If plaintiff serves the opposition or statement of nonopposition by mail, it must be mailed three days before the due date, pursuant to Civil Local Rule 5-5.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, and any exhibits thereto, all the matters filed with the Court, and such other evidence as the Court deems appropriate.

**STATEMENT OF RELIEF REQUESTED**

Defendant requests an order dismissing Plaintiff's claims about the Veterans Judicial Review Act, as well as any claims <u>other than</u> an alleged violation of the Rehabilitation Act of 1973, with prejudice.

**ISSUES TO BE DETERMINED**

1. Should Plaintiff's claim(s) that the Veterans Judicial Review Act is unconstitutional be dismissed with prejudice on the grounds that (a) the Secretary of Labor is not a proper defendant for such a claim, (b) Plaintiff lacks standing under Article III of the United States Constitution, as well as the rules for prudential standing, and (c) Plaintiff has not, and cannot, allege any basis to show a waiver of sovereign immunity?

//

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
1

2.      Should the Court dismiss with prejudice Plaintiff's claims that have no basis in law and limit Plaintiff to a claim for an alleged violation of the Rehabilitation Act of 1973?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff's Complaint is a far cry from the "short and plain statement" contemplated by Federal Rule of Civil Procedure 8. Plaintiff appears to allege that he was terminated from his employment with the United States Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP") in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. To the extent Plaintiff is attempting to allege such a violation, Secretary Chao does not move to dismiss that claim. Secretary Chao does move, however, to dismiss any other claims that Plaintiff may try to assert.

First, Plaintiff explicitly alleges that the Veterans Judicial Review Act of 1988, Pub. L. No. 100-687, 102 Stat. 4105 (1988) ("VJRA") is unconstitutional. The first problem with this claim is that Plaintiff has not named a proper defendant, as neither Secretary Chao nor the Department of Labor have any authority to enforce, modify or otherwise do anything with regard to this statute. More problematic for Plaintiff is that he lacks standing to bring this claim since he does not allege that he has been denied any benefits under the VJRA and in fact explicitly alleges that the Department of Veterans Affairs ("VA") has found Plaintiff to be disabled based on his alleged Post Traumatic Stress Disorder ("PTSD"). Equally fatal to Plaintiff is the absence of any basis for finding a waiver of sovereign immunity. Plaintiff appears to have copied many of his allegations verbatim from the complaint in a case recently tried in this District by Judge Samuel Conti, *Veterans for Common Sense et al. v. James B. Peake, M.D., et al.*, C 07-3758 SC ("*Veterans for Common Sense*"). Judge Conti entered judgment for the defendants in that case after a bench trial, and the Plaintiffs in that case (represented by counsel) have noticed an appeal. Judge Conti's 82 page Memorandum of Decision, Findings of Fact and Conclusions of Law is available on the Court's website and a hard copy of the opinion is being served on plaintiff and submitted with the bench copy of Defendant's moving papers.

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
2

Second, Plaintiff brings a variety of claims that are not legally cognizable and should be dismissed with prejudice. Plaintiff should not be permitted to proceed with any claim other than an alleged violation of the Rehabilitation Act of 1973.

## II. BACKGROUND

### A. Plaintiff's Allegations.

Plaintiff Richard Gaytan, representing himself, filed a "Complaint For Aggravate [sic] Plaintiff Post Traumatic Stress Disorder & Injunctive Relief Under the United States Constitution." Plaintiff alleges that he is a veteran with a 100% disability rating from the VA. *See* Complaint, page 2; *see also* pages 6 and 13 (alleging a 70% disability rating from the VA). Plaintiff alleges that he was terminated from his job as an Equal Opportunity Compliance Officer with the OFFCP on September 27, 2007 (Complaint, page 9) in violation of the Rehabilitation Act of 1973 (Complaint, page 13).

Plaintiff also alleges that the VJRA is unconstitutional. *See* Complaint at page 10 ("This action for declaratory and injunctive relief challenging the constitutionality of provisions in the [VJRA]"). These allegations appear to be copied from the complaint in *Veterans for Common Sense*. Attached as an Exhibit to this memorandum are selected excerpts from the complaint in *Veterans for Common Sense* (Exhibit A) and the complaint filed by Plaintiff in this case (Exhibit B) to illustrate the apparent copying.[1]

Finally, Plaintiff alleges a "Cause of Action" for "Undo Justice Aggravated PTSD," "Unwarrented [sic] Memorandum by Georgia Martin," "Unwarrented [sic] Memorandum and Methods by Sarah Nelson" and "Wrongful Termination Based on PTSD by Woody Gilliland." *See* Complaint at pages 6-9. These claims should be dismissed as not being "legally cognizable" claims and the claim for "Wrongful Termination" should either be dismissed or construed as part of Plaintiff's allegations that he was terminated in violation of the Rehabilitation Act of 1973.

---

[1] The undersigned counsel certifies that these exhibits are true and correct copies of these documents and submits that the documents are subject to judicial notice under Federal Rule of Evidence 201.

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
3

## B. The Veterans Judicial Review Act

Judge Conti's opinion in *Veterans for Common Sense* provides a detailed review of the VJRA. This section provides a short overview about the statute and the process established by Congress in the VJRA.

Title 38 of the United States Code and the VA's regulations create a comprehensive and exclusive process for adjudicating claims for compensation for disabilities or death resulting from military service. *See* 38 U.S.C. § 1110 (disability compensation) & 1310 (dependency and indemnity compensation for service-connected death). To establish entitlement to benefits, a claimant must show that the disability or death resulted from an injury or disease that was incurred in or aggravated by military service. *See* 38 U.S.C. §101(16), 1110. Service connection may be established by evidence even if the disability was not manifest or diagnosed until after separation from service. *See* 38 C.F.R. §3.03(b), (d). Regulations that govern the establishment of service connection of PTSD are located at 38 C.F.R. § 3.304(f).

When the VA awards benefits for service-connected disability or death, the claimant is often entitled to a monthly benefit payment, the amount of which depends upon the degree of disability and other circumstances. 38 U.S.C. §§ 1114, 1115. Disability ratings are assigned under VA's schedule for rating disabilities in 38 C.F.R. part 4, and are based on degree of impairment of earning capacity resulting from the disability. 38 U.S.C. §1155.

Veterans seeking benefits may file claims at one of 58 regional VA offices ("ROs"), which assist in developing the facts necessary to substantiate a claim and render initial decisions. *See* 38 U.S.C. § 5107(a). Proceedings are informal and non-adversarial, and where there is a balance of positive and negative evidence on an issue material to a case, the issue is resolved in favor of the claimant. *See* 38 U.S.C. § 5107(b). Moreover, the VA has an affirmative duty to assist claimants in obtaining the evidence necessary to substantiate their claims (*id.*; 38 U.S.C. § 5103A), and other federal agencies have an affirmative duty to provide information to the VA for purposes of determining eligibility for benefits. *Id.* § 5106.

//

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
4

When a VA RO denies a claim for benefits, the claimant may appeal the decision to the Board of Veterans' Appeals ("BVA"), which decides an appeal only after the claimant has been given an opportunity for a hearing. 38 U.S.C. § 7105(a). An adverse decision by the BVA may be appealed to the U.S. Court of Appeals for Veterans Claims ("CAVC"), which has authority to review all questions of law, including constitutional claims (*see* 38 U.S.C. § 7261(a)(1)), and has exclusive jurisdiction to review BVA decisions. 38 U.S.C. § 7252(a). Decisions by the CAVC may, in turn, be appealed to the United States Court of Appeals for the Federal Circuit and then to the Supreme Court of the United States. *See* 38 U.S.C. §§ 7292(a), (c).

The Federal Circuit has exclusive jurisdiction to review decisions of the CAVC, and its review includes authority to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(c) & (d)(1). Congress has expressly divested district courts of authority to review VA benefit decisions, stating that such decisions may be reviewed only as provided in Title 38, and "may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a).

## III. ARGUMENT

### A. The Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court should grant a motion under Rule 12(b)(6) when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory"). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

//

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
5

When a defendant moves to dismiss a complaint for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is "facial" the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading." *Id.* at 296-97.

**B.    Plaintiff's Claims About the VJRA Should Be Dismissed With Prejudice.**

**1.    The Secretary of Labor Is Not a Proper Defendant.**

The Secretary of Labor has no authority over any aspect of the VJRA; obviously the VA and the Secretary of the VA are parties with such authority. Those parties were defendants in the *Veterans for Common Sense* case. Plaintiff cannot sue the Secretary of Labor for alleged wrongdoing about the VJRA. There is no point in allowing Plaintiff to amend his complaint to name those parties, however, for the reasons set forth below. In addition, as Judge Conti's opinion in *Veterans for Common Sense* illustrates, Plaintiff will not be able to prevail on the merits of his claims about the VJRA given the apparent identity between his claims and those

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
6

tried in the *Veterans for Common Sense* case.

### 2. Plaintiff Lacks Standing

Article III of the U.S. Constitution requires Plaintiff to establish his standing to sue. Accordingly, he must, "at an irreducible minimum," show: (1) a distinct and palpable injury, actual or threatened; (2) that the injury is fairly traceable to the defendant's conduct; and (3) that a favorable decision is likely to redress the complained-of injury. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Look v. United States*, 113 F.3d 1129, 1130 (9th Cir. 1997). Plaintiff must also satisfy the prudential requirements for standing that have been adopted by the judiciary. *Elk Grove Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004).

Plaintiff does not allege that he is suffering any alleged injury fairly traceable to defendant's conduct or the challenged statute. Indeed, Plaintiff explicitly alleges that he is a veteran with a 100% disability rating from the VA. *See* Complaint, page 2; *see also* pages 6 and 13 (alleging a 70% disability rating from the VA). In short, Plaintiff alleges nothing showing that he has been harmed by anything related to the VJRA. Plaintiff thus lacks Article III standing to pursue his claims.

Plaintiff also fails to meet the requirements of prudential standing. "It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of political branches, to shape the institutions of government in such fashion as to comply with the law and constitution." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Plaintiff raises a number of abstract policy-oriented complaints, none of which seem to relate to anything that happened to Plaintiff and therefore do not present a justiciable case or controversy for resolution by this Court but, instead, are "more appropriately addressed in representative branches" of government. *United States v. Lazarenko*, 476 F.3d 642, 650 (9th Cir. 2007).

In fact, the Rehabilitation Act of 1973 is the exclusive remedy for federal employees alleging claims of disability discrimination. A federal employee plaintiff cannot maintain a tort

1. or constitutional claim which is based upon the same set of underlying facts that otherwise support a claim under the Rehabilitation Act. *Spence v. Straw*, 54 F.3d 196 (3d Cir. 1995) (plaintiff could not assert independent constitutional claim premised upon the same facts as the Rehabilitation Act claim since the Rehabilitation Act provides the exclusive remedy); *McGuiness v. United States Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir. 1984) ("any effort to avoid section 505's requirement of exhausting administrative remedies by challenging the same conduct under another provision of law must fail because it would 'allow [Congress's] careful and thorough remedial scheme to be circumvented by artful pleading.'") (citing *Brown v. General Services Admin.*, 425 U.S. 820, 833 (1976)). *Compare Smith v. Barton*, 914 F.2d 1330, 1334 (9th Cir. 1990) (Rehabilitation Act does not bar claim under 42 U.S.C. §1983 based on alleged violations of First Amendment since plaintiffs "allege violations that are unrelated to issues of handicap discrimination").

### 3. Sovereign Immunity Bars Plaintiff's Claim

It is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *U.S. v. Mitchell*, 463 U.S. 206, 212 & n.9 (1983) (citing *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941)). Moreover, "the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain suit." *Sherwood*, 312 U.S. at 586. Such consent must be "'unequivocally expressed' in the statutory text" and strictly construed in favor of the government. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Plaintiff has not met his "'burden of pointing to . . . an unequivocal waiver of [sovereign] immunity.'" *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992) (quoting *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983)).

Plaintiff alleges that the VJRA is unconstitutional, but the Constitution does not waive sovereign immunity. *See Lynch v. United States*, 292 U.S. 571, 582 (1934). Plaintiff has not identified any applicable waiver of sovereign immunity to permit his claim about the VJRA to proceed. *Floyd v. District of Columbia*, 129 F.3d 152, 155-56 (D.C. Cir. 1997) ("Where the

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
8

United States is the defendant . . . federal subject matter jurisdiction is not enough; there must also be a statutory cause of action through which Congress has waived sovereign immunity.").

The only statute possibly capable of providing the requisite waiver of sovereign immunity for plaintiff's claims is the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Section 702 of title 5 waives sovereign immunity for certain suits seeking to obtain judicial review of final agency decisions but, like all waivers of sovereign immunity, it must "be strictly construed, in terms of its scope, in favor of the sovereign." *Blue Fox, Inc.*, 525 U.S. at 261. Even if Plaintiff were to amend his Complaint to invoke the APA waiver of sovereign immunity, the APA's limitations would nevertheless compel dismissal. As the Ninth Circuit has held, the APA waiver of sovereign immunity in 5 U.S.C. § 702 "contains several limitations" including "5 U.S.C. § 704, which provides that only '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court, are subject to judicial review.'" *Gallo Cattle Co. v. Department of Agriculture*, 159 F.3d 1194, 1198-99 (9th Cir. 1998) (quoting 5 U.S.C. § 704). Plaintiff's claims about the VJRA are barred by that limitation. Plaintiff does not allege any "final agency action." Under the terms of the APA, Plaintiff would have to identify some agency action that caused him harm because a "party seeking review under § 702 must show that he has suffered legal wrong because of the challenged agency action or is adversely affected or aggrieved by that action within the meaning of the relevant statute." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883 (1990).

In short, Plaintiff has not and cannot establish any waiver of sovereign immunity sufficient to allow his claim about the VJRA to proceed.

**C.   Any Claim Other Than the Rehabilitation Act Should Be Dismissed**

Plaintiff alleges a "Cause of Action" for "Undo Justice Aggravated PTSD," "Unwarrented [sic] Memorandum by Georgia Martin," "Unwarrented [sic] Memorandum and Methods by Sarah Nelson" and "Wrongful Termination Based on PTSD by Woody Gilliland." *See* Complaint at pages 6-9. These claims should be dismissed as not being "legally cognizable" claims and the claim for "Wrongful Termination" should either be dismissed or construed as part

C 07-6367 VRW
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
9

of Plaintiff's allegations that he was terminated in violation of the Rehabilitation Act of 1973. *See Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court should grant a motion under Rule 12(b)(6) when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory").

## IV. CONCLUSION

Plaintiff's claim that the VJRA is unconstitutional should be dismissed with prejudice, as should any claims other than an alleged violation of the Rehabilitation Act of 1973. Plaintiff should not be given leave to amend, as the defects in any claim other than an alleged violation of the Rehabilitation Act of 1973 are not capable of being cured by an amended complaint.

The Court may choose to direct Plaintiff to the organizational plaintiffs in *Veterans for Common Sense* or to the lawyers representing those plaintiffs. Those organizations and lawyers purport to represent all veterans with regard to the claims about the VJRA that Mr. Gaytan tries to raise here.

Dated: August 29, 2008

                        Respectfully submitted,
                        JOSEPH P. RUSSONIELLO
                        United States Attorney

By:         /s/
       MICHAEL T. PYLE
       Assistant United States Attorney
       Attorney for Defendant