ORIGINAL

1  GORDON P. ERSPAMER (CA SBN 83364)
   GErspamer@mofo.com
2  STACEY M. SPRENKEL (CA SBN 241689)
   SSprenkel@mofo.com
3  MORRISON & FOERSTER LLP
   101 Ygnacio Valley Road, Suite 450, P.O. Box 8130
4  Walnut Creek, California 94596-8130
   Telephone: 925.295.3300
5  Facsimile: 925.946.9912

6  [see next page for additional counsel for Plaintiffs]

7  Attorneys for Plaintiff(s)
   VETERANS FOR COMMON SENSE, and
8  VETERANS UNITED FOR TRUTH, INC.

FILED
JUL 2 3 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

              C 07 3758 SC

| | |
|---|---|
| VETERANS FOR COMMON SENSE, a District of Columbia Nonprofit Organization; and VETERANS UNITED FOR TRUTH, INC., a California Nonprofit Organization, representing their members and a class of all veterans similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>R. JAMES NICHOLSON, Secretary of Department of Veterans Affairs; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; JAMES P. TERRY, Chairman, Board of Veterans Appeals; DANIEL L. COOPER, Under Secretary, Veterans Benefits Administration; BRADLEY G. MAYES, Director, Compensation and Pension Service; DR. MICHAEL J. KUSSMAN, Under Secretary, Veterans Health Administration; PRITZ K. NAVARA, Veterans Service Center Manager, Oakland Regional Office, Department of Veterans Affairs; UNITED STATES OF AMERICA; ALBERTO GONZALES, Attorney General of the United States; and WILLIAM P. GREENE, JR., Chief Judge of the United States Court of Appeals for Veterans Claims,<br><br>Defendants. | CASE NO. <br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER UNITED STATES CONSTITUTION AND REHABILITATION ACT**<br><br>(Class Action) |

Case No. _____
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
wc-106298

**EXHIBIT A**

1

1 | **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

BILL D. JANICKI (CA SBN 215960)
BJanicki@mofo.com
MORRISON & FOERSTER LLP
400 Capitol Mall, Suite 2600
Sacramento, California 95814
Telephone: 916.448.3200
Facsimile: 916.448.3222

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
MELISSA W. KASNITZ (CA SBN 162679)
MKasnitz@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

Case No. _____
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
wc-106298

2

26. The VA's failure to satisfy its statutory mandates to provide health care and disability benefits to disabled veterans has been exacerbated by a deliberate and chronic pattern of underfunding. While the government continues to pay lip service to assisting wounded veterans, the VA has been chronically understaffed and left without the resources or procedures necessary to fulfill the nation's commitments to veterans.

27. The abandonment by the VA of Iraq and Afghanistan veterans and the failure to promptly and properly treat them is penny-wise and dollar-foolish. If unredressed, these illegal actions and practices will create another generation of indigent and homeless men and women with staggering social costs.

28. In addition, the VA has failed to monitor and project the costs of providing care to Iraq and Afghanistan war veterans, resulting in a multi-billion dollar budget shortfall. For these two wars, even though the raw data is easily available, the VA still does not accurately monitor health care use, disability benefit activity, actual costs, or cost trends of either benefits or care.

**B.  Basic Summary of Action**

29. This is a class action for declaratory and injunctive relief challenging the constitutionality of provisions in the Veterans Judicial Review Act of 1988, in conjunction with related, pre-existing statutes and a pattern of illegal policies and practices of the Department of Veterans Affairs. The putative class is comprised of applicants and recipients for service-connected death or disability compensation, including dependency and indemnity compensation (collectively "SCDDC") claims, based upon Post-Traumatic Stress Disorder, and all veterans with PTSD who are eligible for or receive VA Medical Services, as defined below (occasionally collectively referred to as "the Class" or the "Class Members").

30. Specifically, Plaintiffs challenge the constitutionality of the following provisions of the VJRA, both separately and in combination:

    a. Restrictions on veterans' procedural rights, including but not limited to the fact that the VA acts as both the trier of fact and adversary at the critical regional office stage where claims are first decided;

   b. The complete absence of neutral judges or trial-like procedures at the critical regional office level;

   c. The veterans' inability to obtain discovery to support SCDDC claims;

   d. The veterans' inability to compel the attendance of any VA employees or most other witnesses to testify at hearings and support their claims;

   e. The complete absence of any procedure through which a veteran can obtain expedited relief in urgent cases such as an imminent suicide threat;

   f. The absence of a class action procedure;

   g. The limited role of the Court of Appeals for Veterans Claims and its inability to award injunctive or declaratory relief;

   h. The absence of any judicial authority or mechanism to enforce judicial decisions or require the agency of original jurisdiction (the regional offices) to obey or comply with the rule of law; and

   i. The attorney's fee prohibition, contained in 38 U.S.C. § 5904(c)(1), which provides that "a fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which a notice of disagreement is filed with respect to the case," and the related provision for criminal penalties, 38 U.S.C. § 5905, which subjects attorneys to criminal penalties, including imprisonment of up to one year for any violation (hereafter collectively the "Fee Prohibition"). The VJRA provisions identified in sub-paragraphs a-i are sometimes collectively referred to below as the "Statutory Defects."

  31. Plaintiffs therefore seek injunctive relief to restrain Defendants from continuing certain widespread practices and policies of the VA that are not and cannot be discovered or raised through the existing system of reviewing individual claim decisions leading up to appeals to the Court of Appeals for Veterans Claims. Each of these VA policies and procedures is enabled and encouraged by the Statutory Defects. Amongst these illegal policies and practices are:

   a. Very protracted delays in both the adjudication of PTSD claims and the provision of medical care to PTSD claimants and recipients, resulting in irreparable and devastating injury to wounded veterans and thereby violating the requirements of due process;

Case No. _____
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
wc-106298

10

### FIRST CLAIM FOR RELIEF
(Declaratory Relief: Denial of Due Process)

258. Plaintiffs reallege and incorporate herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 257 of this Complaint.

259. A present controversy exists between Plaintiffs and Defendants in that Plaintiffs contend and Defendants deny that the VJRA, including the Statutory Defects described above, unconstitutionally infringe upon their property and liberty rights protected by the Due Process Clause of the Fifth Amendment to the United States Constitution, which provides that, "No person shall . . . be deprived of life, liberty, or property, without due process of law."

260. The above-described provisions of the VJRA, the Challenged VA Practices, and the failure to provide medical care and treatment, are unconstitutional because they deprive SCDDC claimants of their property and liberty without affording the due process required by the Fifth Amendment to the United States Constitution.

### SECOND CLAIM FOR RELIEF
(Declaratory Relief: Denial of Access to Courts and Right to Petition)

261. Plaintiffs reallege and incorporate herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 257 of this Complaint.

262. The Statutory Defects, both separately and in combination, have completely, unreasonably, and unjustifiably foreclosed the ability of Plaintiffs to pursue their underlying claims and present their grievances, including SCDDC claims, claims for Medical Services, and other claims arising out of the Challenged VA Practices against the responsible officials.

263. As a result, Plaintiffs have been deprived of meaningful access to the courts and their right to petition for a redress of grievances in violation of the First and Fifth Amendments to the United States Constitution.

### THIRD CLAIM FOR RELIEF
(Declaratory Relief--Violation of 38 U.S.C. § 1710(e)(1)(D))

264. Plaintiffs reallege and incorporate herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 257 of this Complaint.