Richard Gaytan (Pro se)
733 Banff Drive
Newman, CA 95360
(209) 862-3755     E-filing
Attorney for Plaintiff

FILED
2007 DEC 17 PM 11: 37
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C07-06367  VRW  ADR

| | |
|---|---|
| Richard Gaytan, | ) Case No.: |
| Plaintiff, | ) COMPLAINT FOR |
|  | ) AGGRAVATE PLANTIFF POST |
|  | ) TRAUMATIC STRESS DISORDER & |
| vs. | ) INJUCTIVE RELIEF UNDER THE |
| Elaine Chao, Secretary of Labor, | ) UNITED STATES CONSTITUTION |
| Defendant | ) |
|  | ) |

**Plaintiff alleges:**

## PRELIMINARY ALLEGATIONS

**Jurisdiction.** This court has jurisdiction over this complaint because it arises under the laws of the United States.

**Venue.** Venue is appropriate in this court because Defendant resides in this district and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

1 Case No. : _____ Gaytan v. Elaine Chao

EXHIBIT B

poster posted in the Guards office where everybody can see.

4

A.  **Basic Summary of Action**

5. This action for declaratory and injunctive relief challenging the constitutionality of provisions in the Veterans Judicial Review Act of 1988 (VJRA), in conjection with related, pre-existing statutes and a pattern of illegal policies and practices of the Department of Labor (DOL)(Agency Nos. 03-09-129; 04-09-038; 04-09-050; 05-09-142), Equal Employment Opportunity Comission (EEOC) (Appeal No. 0120072442), The putative action comprised dening accomondation for service-connected disability based upon Post-Traumatic Stress Disorder (PTSD), and all veterans with PTSD who are employed within the DOL and other federal agency's.

6. Plaintiff challenge the constitutionality of the provision of the VJRA, both separately and in combation.

A. Restrictions on veterans' procedural rights, including but not limited to the fact that DOL acts as both the trier of fact and adversary at the critical regional office stage where claims are first decided;

B. The complete absence of neutral judges or trial-like procedures at the critical regional office level,

C. The veterans inability to obtain justice to support PTSD claims.

D. The veterans' inability to compel the attendance of any CFCCP employees or most other witnesses to testify at hearings and support Plaintiff claims.

F. The absent of a complaint action procedure;

Case No. : _____  Gaytan v. Elaine Chao

G. the absences of any judicial authority or mechanism to enforce judicial decisions or require the agency of original jurisdiction (the regional offices) to obey or comply with the rule of law; and

5

7. Therefore Plaintiff seeks injuctive relief to restrain Defendants from continuing certain widespread practices and policies of OFCCP that are not and cannot be discovered or raised through the existing system of reviewing Plaintiff PTSD claim. Among these illegal policies and practices are:

A. Very protracted delays in both the adjudication of PTSD claims and the provision of medical care to PTSD claimts and recipients, resulting in irreparable and devastating injury to wounded veterans and thereby violating the requirements of due process;

**FIRST CLAIM FOR RELIFE**
**(Declaratory Relief: Denial of Due Process)**

8. Plaintiff reallege and incorporate herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 20 of this complaint.

9. A present controversy exists between Plaintiff and Defendants in that Plaintiff contend and Defendants deny that the VJRA, including the Statutory Defects described above, Unconstitutionally infringe upon their property and liberty rights rotected by Due Process Clause of the Fifth Amendment to the United States Constitution, which provides that, "No person shall....be deprived of life, liberty, or property, without due process of law."

10. The above -describe provisions of the VJRA, the Challenged OFCCP Practices, and Failure to provide accomondation, are unconstitutional because they deprive disabled veterans of

10  Case No. : _____  Gaytan v. Elaine Chao

their property and liberty without affording the due process required by the Fifth Amendment to the United States Constitution.

### SECOND CLAIM FOR RELIEF
### (Declaratory Relief: Denial of Access and Right to Petition)

11. Plaintiff reallege and incorporate herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 20 of this complaint.

12. The Statutory Defects both separately and in combination have completely, unreasonably, and unjustifiably foreclosed the ability of Plaintiff to pursued his underlying claims And present their grievances, and other claims arising out of the Challenged OFCCP Practices against the reasonable offices.

13. As a result, Plaintiff have been deprived of meaningful access to the courts and their right to petition for a redress of grievances in violation of the First and Fifth Amendment to to the United States Constitution.

### THIRD CLAIM FOR RELIEF
### (Declaratory Relief-Violation of Section 504 of the Rehabilitation Act)

14. Plaintiff reallege and incorporate herein by reference as though fully set forth, each and every allegation contained in Paragraphs 1 through 20 of this complaint.

15. The Rehabilitation Act prohibits discrimination on the basis of disability in programs conducted by Federal agencies, in programs receiving Federal financial assistance, in Federal employment, and in the employment practices of Federal contractors. The standards for determining employment discrimination under the Rehabilitation Act are the same as those used in Title I of the Americans with Disabilities Act. Section 501 requires affirmative action and nondiscrimination in employment by Federal agencies of the executive branch. To obtain more

11 Case No. : _____ Gaytan v. Elaine Chao